Richard S. Heller, J.
This claim is for land appropriated by the State pursuant to section 30 of the Highway Law. The land owned by claimants was located in the town of Seneca Falls, Seneca County, New York. The appropriation in fee of 3.464± acres is shown by Map No. 14, Parcel No 24, of S. H. 273-Magee, S. H. No. —. An additional appropriation of 0.304± acres by permanent easement is shown by Map No. 22, Parcels Nos. 37 and 38, of S. H. 273-Magee, State Highway No. —.
Claimants’ property located on Route 89-A consisted of approximately 70 acres of land with a family dwelling, a one-car garage, and a large frame barn. Since none of the buildings were affected by the taking, no further description is necessary. The tillable land ivas used for the growing of vegetables and other crops.
The chief dicussion at the trial was whether or not parts of the land appropriated were ‘ ‘ muck ’ ’ land. The State brought forth experts fortified with borings and book knowledge which would indicate that claimants’ land was unsuitable for gardening or for growing crops.
The claimants established by satisfactory evidence that crops and vegetables of all varieties could be and were grown on the land. It should be noted that the best portion of claimants’ *757 land was used for the production of vegetables for sale at a family roadside stand.
The court does not attempt to classify the soil as “ muck ” or “ not muck.” Suffice to say that the State’s agronomist testified that his examination of the soil in question showed ‘ ‘ eight to sixteen inches of black organic top-soil.”
Claimants also contend that since the construction of the new road the drainage is inadequate and that the fields remain wet for a longer period in the Spring than before the appropriation. The court has examined the contract plans and has viewed the premises several times and concludes that if such a condition exists it is a continuing trespass for which claimants may file a further claim. The court finds that no consequential damage is indicated at this time from faulty drainage.
Claimants’ damage herein is limited to the actual fee taking, the permanent easement, an isolated parcel of 1.908± acres and the damage suffered by the taking of tillable acreage as it affects the total value.
It is the opinion of the court that the fair and reasonable market value of claimants’ property at the time of the appropriation was $16,000, and that the fair and reasonable market value after the appropriation was $13,300.
Claimants have been damaged in the sum of $2,700 and are entitled to an award in that amount with interest from January 19, 1955 to July 19, 1955, and from June 30, 1956 to the date of the entry of judgment.
The claim has not been assigned.
Submit findings which shall include a full description of the lands appropriated. In the event that findings are not filed within 30 days, the court will furnish the clerk with a description of the lands taken and upon receipt of such description the clerk shall enter judgment in accordance with the foregoing award.